# EXHIBIT C

Exhibit C

# OFFICE OF DIANE TRAUTMAN

### COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

1141204

Docket No. _____

Luis Escatell and Laura Escatell
_____
Plaintiff

County Civil Court

vs.

At Law No. _____

Joseph Colafrancesco
_____
Defendant

☐  Alias  Citation          ☐  Amended Citation                    _____

*(Address for service):* _____

408 Wood River Road, Millsap, TX 76066
_____

■  Rule 106 Citation                                                 1_____

☐  Abstract of Judgment                                              _____

☐  Writ of Execution                                                 _____

☐  Writ of Execution *and* Order of Sale                             _____

☐  Writ of Possession                                                _____

☐  Certificate of Dormant Judgment                                   _____

☐  Certificate of Transfer                                           _____

☐  Certificate of No Appeal                                          _____

☐  Bill of Costs                                                     _____

☐  Jury Fee                                                          _____

☐  Deposit into Registry of Court                                    _____

☐ Other Services _____            _____

**REQUEST MADE BY**

(Name) Matthew Zarghouni
_____

(Address) 3900 Essex Ln, Suite 1011, Houston, TX 77027
_____

(Phone Number) 346-980-6600                          (Zip Code)
_____

**Request is to be:**
☐ Mailed
■ Picked up by: Santiago Legal Services
_____

Phone: 972-497-2122

P.O. Box 1525 ● Houston, TX  77251-1525 ● 713-274-1374
www.cclerk.hctx.net

Form No. H-01-63 (Rev. 01/01/2017)

# OFFICE OF DIANE TRAUTMAN
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

1141204

Docket No. _____

| | |
|---|---|
| Luis Escatell and Laura Escatell | County Civil Court |
| Plaintiff | At Law No. _____ |
| vs. | |
| Allstate Vehicle and Property Insurance Company | |
| Defendant | |

☐ Alias Citation            ☐ Amended Citation            _____

*(Address for service):* C T Corporation System

1999 Bryan St. Ste 900, Dallas, TX 75201-3136.

☑ Rule 106 Citation                                        1_____

☐ Abstract of Judgment                                     _____

☐ Writ of Execution                                        _____

☐ Writ of Execution *and* Order of Sale                    _____

☐ Writ of Possession                                       _____

☐ Certificate of Dormant Judgment                          _____

☐ Certificate of Transfer                                  _____

☐ Certificate of No Appeal                                 _____

☐ Bill of Costs                                            _____

☐ Jury Fee                                                 _____

☐ Deposit into Registry of Court                           _____

☐ Other Services _____   _____

## REQUEST MADE BY

(Name) Matthew Zarghouni

(Address) 3900 Essex Ln, Suite 1011, Houston, TX 77027

(Phone Number) 346-980-6600                               (Zip Code)

Request is to be:
☐ Mailed
☑ Picked up by: Santiago Legal Services

Phone: 972-497-2122

P.O. Box 1525 ● Houston, TX  77251-1525 ● 713-274-1374
www.cclerk.hctx.net

Form No. H-01-63 (Rev. 01/01/2017)

# OFFICE OF DIANE TRAUTMAN
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### CIVIL COURTS DEPARTMENT

1141204

DOCKET NUMBER: _____

Luis Escatell and Laura Escatell
_____

**PLAINTIFF**

**VERSUS**

Allstate Vehicle and Property Insurance Company and Joseph Colafrancesco
_____

**DEFENDANT**

IN COUNTY CIVIL COURT
AT LAW NO. _____
HARRIS COUNTY, TEXAS 77002-1901

## ELECTRONIC SERVICE AGREEMENT

In accordance with Rule 5.1(b) of the Local Rules of the Harris County Civil Courts at Law, documents may be electronically served upon a party only when that party has agreed, in writing to receive electronic service in that case. This agreement must be filed with the court and the form must be served on all other parties in the case. The agreed party has the right to rescind this agreement by subsequent notice to the court.

I, Matthew Zarghouni _____, hereby agree to accept electronic service in the case style referenced above. The e-mail address where the electronic service should be sent to is Denisse@zar-law.com _____.

SIGNED this 11th day of September , 2019

*/s/Matthew Zarghouni*
_____

Matthew Zarghouni

Form No. H-01-191 (Rev. 01/01/2019)

**Harris County - County Civil Court at Law No. 3**

CAUSE NO. _____                     **Jury Fee Paid**

| | | |
|---|---|---|
| **LUIS ESCATELL AND LAURA ESCATELL** | § § § | **IN THE COUNTY COURT** |
| *PLAINTIFFS,* | § § § | |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH COLAFRANCESCO** | § § § § § | |
| *DEFENDANTS.* | § | **AT LAW NO. _____** |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND DISCOVERY REQUESTS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Luis Escatell and Laura Escatell ("Plaintiffs"), and file this **Plaintiffs' Original Petition** complaining of Allstate Vehicle and Property Insurance Company and Joseph Colafrancesco (collectively "Defendants"), and for cause of action, Plaintiffs would respectfully show the following:

## A. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

## B. PARTIES

2.     Plaintiffs, Luis Escatell and Laura Escatell, reside in Harris County, Texas at 4902 Shadowdale Dr., Houston, Texas 77041.

3.     Defendant, Allstate Vehicle and Property Insurance Company, is an insurance company doing business in Texas and may be served through its officers or its attorney for service, C T Corporation System  1999 Bryan St. Ste 900, Dallas, TX 75201-3136.

4.      Defendant, Joseph Colafrancesco, is an adjuster in the course and working scope of employment with Allstate Vehicle and Property Insurance Company. Joseph Colafrancesco can be served at the address listed with the Texas Department of Insurance: 408 Wood River Road, Millsap, TX 76066.

## C.  JURISDICTION

5.      The Court has jurisdiction over Allstate Vehicle and Property Insurance Company because Allstate Vehicle and Property Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## D.  VENUE

6.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E.  CONDITIONS PRECEDENT AND NOTICE

7.      All conditions precedent to recovery have been performed, waived, or have occurred.

8.      Defendants have received a pre-suit notice complying with Texas Insurance Code § Section 542A.003.

## F.  AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that Allstate Vehicle and Property Insurance Company did any act or omission, it is meant that Allstate Vehicle and Property Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Allstate Vehicle and Property Insurance Company or done in the normal routine, course, and scope of the agency or employment

of Allstate Vehicle and Property Insurance Company or its agents, officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiffs are named insureds under a property insurance policy—836215131 (the "Policy")—issued by Allstate Vehicle and Property Insurance Company. The Policy insures, among other things, against losses from hurricane damage to Plaintiffs' property, namely, the real property and improvements located at 4902 Shadowdale Dr., Houston, Texas 77041 (the "Property").

11.     On or about 08/28/2017, during the policy period, Hurricane Harvey caused damage to the Property that was covered under the Policy. The hurricane caused extensive damage to the Property, including but not limited to, damage to the roof, interior, and fence of the home.

12.     Plaintiffs noticed damage to the Property and contacted Allstate Vehicle and Property Insurance Company to notify Allstate Vehicle and Property Insurance Company of the damage.

13.     Plaintiffs submitted a claim, 0472927292, to Allstate Vehicle and Property Insurance Company against the Policy for all roof damage, water damage, and wind damage the Property sustained because of the hurricane. Plaintiffs reported damaged shingles, interior leaks, and fence damage.

14.     Plaintiffs asked that Allstate Vehicle and Property Insurance Company honor its contractual obligations to cover the cost of repairs to the Property.

15.     Allstate Vehicle and Property Insurance Company assigned Joseph Colafrancesco (the "Field Adjuster") to adjust the claim. Allstate Vehicle and Property Insurance Company and the Field Adjuster conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly

investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation. The Field Adjuster failed to fully inspect all damage to the Property.

16.     Despite obvious, visible hurricane damage, the Field Adjuster, on his behalf and on behalf of Allstate Vehicle and Property Insurance Company, verbally misrepresented to Plaintiffs at the time of the inspection and thereafter that the Property had no hurricane-related damage. More specifically, the Field Adjuster refused to acknowledge the shingles damaged by the hurricane and blamed the interior damage on improper flashing. The Field Adjuster repeated these misrepresentations, again on his own behalf and on behalf of Allstate Vehicle and Property Insurance Company, in a letter to Plaintiffs dated 09/13/2017.

17.     Together, therefore, Allstate Vehicle and Property Insurance Company and the Field Adjuster set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

18.     Defendant Allstate Vehicle and Property Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiffs. Allstate Vehicle and Property Insurance Company's conduct constitutes a breach of the insurance contract between Allstate Vehicle and Property Insurance Company and Plaintiffs.

19.     Even though the Property sustained obvious damage caused by a covered occurrence, Defendant misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy.

20.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.

21.     Defendant refused to adequately compensate Plaintiffs under the terms of the Policy and failed to conduct a reasonable investigation of the claim.

22.     Defendant failed to offer Plaintiffs a reasonable explanation for why Plaintiffs' claim was denied.

23.     Defendant, Allstate Vehicle and Property Insurance Company, failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and/or request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim.

24.     Defendant, Allstate Vehicle and Property Insurance Company, failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information.

25.     Defendant, Allstate Vehicle and Property Insurance Company, delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for Plaintiffs' claim.

26.     Since the time Plaintiffs' claim was presented to Defendant Allstate Vehicle and Property Insurance Company, the liability of Allstate Vehicle and Property Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Allstate Vehicle and Property Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Allstate Vehicle and Property Insurance Company's duty of good faith and fair dealing.

27.     Defendant knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant knowingly concealed all or part of material

information from Plaintiffs.

28.     Plaintiffs have suffered damages because of Defendants' actions described above. The mishandling of Plaintiffs' claims also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

### H.  CAUSES OF ACTION

29.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Breach of Contract

30.     Defendant Allstate Vehicle and Property Insurance Company had a contract of insurance with Plaintiffs. Defendant Allstate Vehicle and Property Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claims and Plaintiffs were damaged thereby.

### II.    Prompt Payment of Claims Statute

31.     The failure of Defendant Allstate Vehicle and Property Insurance Company to pay for Plaintiffs losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

32.     Plaintiffs, therefore, in addition to Plaintiffs' claims for damages, are entitled to interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

### III.   Attorney's Fees

33.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

34.     Plaintiffs are entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant Allstate Vehicle and Property Insurance Company, and

Defendant Allstate Vehicle and Property Insurance Company did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

35.     Plaintiffs further pray that they be awarded all reasonable attorney's fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Section 542.060 of the Texas Insurance Code.

## I.  STATEMENT OF RELIEF

36.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seeks prejudgment and post-judgment interest at the highest legal rate.

## J. RESERVATION OF RIGHTS

37.     Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as investigation continues.

## K. JURY DEMAND

38.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## L.  DISCOVERY REQUESTS

39.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are

requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

40.     Defendants are also requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days, in accordance with the instructions stated therein and the Texas Rules of Civil Procedure.

## M. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Luis Escatell and Laura Escatell, pray that upon final hearing of the case they recover all damages from and against Defendants, Allstate Vehicle and Property Insurance Company and Joseph Colafrancesco, that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

_/s/Matthew M. Zarghouni_
Matthew Zarghouni
State Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendants as an attachment to the Original Petition. Therefore, Defendants would have received the requests when served with process.

_/s/Matthew M. Zarghouni_
Matthew Zarghouni

## <u>INSTRUCTIONS</u>

A.    These discovery requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above to Zar Law Firm.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

      1.   Identify the document's title and general subject matter;
      2.   State its date;
      3.   Identify all persons who participated in its preparation;
      4.   Identify the persons for whom it was prepared or to whom it was sent;
      5.   State the nature of the privilege claimed; and
      6.   State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. **Interrogatories must be answered under oath and supported by an affidavit.**

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

      1.   You know the response made was incorrect or incomplete when made; or
      2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.  **"Defendant," "**Allstate Vehicle and Property Insurance Company**," "You,"
    "Your(s),"** refers to Allstate Vehicle and Property Insurance Company, its agents,
    representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiffs"** refers to the named Plaintiffs in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address covered
    by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiffs by the insurer and at issue in this
    lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiffs and at
    issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiffs' live
    petition/complaint or other written or oral notice, or otherwise assigned to the claim by
    the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating,
    managing, settling, approving, supplying information or otherwise performing a task
    or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial
    or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or
    exchange of information, either orally or in writing, and includes without limitation any
    conversation, letter, handwritten notes, memorandum, inter or intraoffice
    correspondence, electronic mail, text messages, or any other electronic transmission,
    telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording,
    video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set
    forth in the applicable rules of civil procedure, including, but not limited to all original
    writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical
    copies, correspondence, notes, letters, memoranda of. telephone conversations,
    telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client
    conference reports, files, agreements, contracts, evaluations, analyses, records,
    photographs sketches, slides, tape recordings, microfiche, communications, printouts,
    reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers,
    loan documents, liens, books of accounting, books of operation, bank statements,
    cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals,
    listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates,

reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.      The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiffs' Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.



## <u>INTERROGATORIES TO DEFENDANT</u>

### <u>INTERROGATORY NO. 1:</u>

Identify all persons answering or supplying any information in answering these interrogatories.

### <u>ANSWER:</u>


### <u>INTERROGATORY NO. 2:</u>

Identify all persons who were involved in evaluating Plaintiffs' claim and provide the following information for each person you identify:

      a.      their name and job title(s) as of the Date of Loss;
      b.      their employer; and
      c.      description of their involvement with Plaintiffs' Claim.

### <u>ANSWER:</u>


### <u>INTERROGATORY NO. 3:</u>

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.      the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b.      the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

### <u>ANSWER:</u>


### <u>INTERROGATORY NO. 4:</u>

State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

### <u>ANSWER:</u>


### <u>INTERROGATORY NO. 5:</u>

If you contend that Plaintiffs did not provide you with requested information that was required to properly evaluate Plaintiffs' Claim, identify the information that was requested and not provided, and the dates you made those request(s).

### <u>ANSWER:</u>

UNOFFICIAL COPY

**INTERROGATORY NO. 6:**
If you contend that Plaintiffs' acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiffs failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiffs failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiffs failed to mitigate damages, describe how Plaintiffs failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiffs for the Property that were in effect on the Date of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiffs policy of insurance with you.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiffs (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiffs (or any other person) related to the Claim or the Property.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiffs' Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiffs' Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiffs and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiffs' Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail hurricane claims, for persons handling claims on your behalf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all estimates, drafts of those estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**
Produce all documents you identified, referred to, or relied upon in answering Plaintiffs' interrogatories.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a hurricane.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**
Admit that aside from the Claim at issue, Plaintiffs have never previously submitted a claim to you for damage to the Property.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**
Admit that you did not request a Sworn Proof of Loss from Plaintiffs in connection with the Claim at issue.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 8:**
Admit that Plaintiffs timely submitted the Claim.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:**
Admit that your decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:**
Admit that Defendant's decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11:**
Admit that Defendant's decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**



# OFFICE OF DIANE TRAUTMAN
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1141204**
**Receipt Number:      Date:    Sheriff/Constable Fee: $**

LUIS ESCATELL AND LAURA
ESCATELL
PlaintiffS,                                                    In The County Civil Court at Law No. 3
VS.                                                            201 Caroline #532
ALLSTATE VEHICLE AND                                           Houston, TX 77002
PROPERTY INSURANCE COMPANY, ET AL
Defendants.

## THE STATE OF TEXAS
## ORIGINAL  PETITION ADMISSIONS, DISCLOSURES, INTERROG. & PRODUCTION CITATION

To:     **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
        **C/O CT CORPORATION SYSTEM**
        **1999 BRYAN ST. STE 900**
        **DALLAS, TX  75201-3136**

Attached is a copy of petition.
This instrument was filed on the **11th day of September, 2019,** in the above cited cause number and court. The
instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county
clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 12th day of September, 2019

(Seal)                                          Diane Trautman, County Clerk
                                                County Civil Court at Law No. 3
                                                201 Caroline, Suite 300
                                                Harris County, Texas

                                                _____
                                                Donald Woods
                                                Deputy County Clerk

Requested     **MATTHEW ZARGHOUNI**
By:           **ZAR LAW FIRM**
              **3900 ESSEX LANE, STE. 1011**
              **HOUSTON, TX  77027**

9/23/2019 4:01 PM
Diane Trautman
County Clerk
Harris County

# OFFICE OF DIANE TRAUTMAN

## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

1141204

Docket No. _____

| | |
|---|---|
| **Luis Escatell and Laura Escatell** | **Harris County - County Civil Court at Law No. 3** |
| _____ | County Civil Court |
| Plaintiff | |
| vs. | At Law No. _____ |
| **Joseph Colafrancesco** | |
| _____ | |
| Defendant | |

□  Alias  Citation          □  Amended Citation                          _____

*(Address for service):* _____

408 Wood River Road, Millsap, TX 76066
_____

■  Rule 106 Citation                                                        <u>1</u>_____

□  Abstract of Judgment                                                  _____

□  Writ of Execution                                                        _____

□  Writ of Execution *and* Order of Sale                              _____

□  Writ of Possession                                                      _____

□  Certificate of Dormant Judgment                                  _____

□  Certificate of Transfer                                                _____

□  Certificate of No Appeal                                              _____

□  Bill of Costs                                                              _____

□  Jury Fee                                                                    _____

□  Deposit into Registry of Court                                      _____

□ Other Services _____     _____

## REQUEST MADE BY

(Name) Matthew Zarghouni
_____

(Address) 3900 Essex Ln, Suite 1011, Houston, TX 77027
_____

(Phone Number) 346-980-6600                              (Zip Code)
_____

Request is to be:
□ Mailed
■ Picked up by: Santiago Legal Services
_____

Phone: 972-497-2122



Harris County - County Civil Court at Law No. 3

# OFFICE OF DIANE TRAUTMAN
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1141204**
**Receipt Number:      Date:      Sheriff/Constable Fee: $**

LUIS ESCATELL AND LAURA
ESCATELL
Plaintiffs,
VS.
ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY, ET AL
Defendants.

In The County Civil Court at Law No. 3
201 Caroline #532
Houston, TX 77002

## THE STATE OF TEXAS
### ORIGINAL  PETITION ADMISSIONS, DISCLOSURES, INTERROG. & PRODUCTION CITATION

To:   **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
      **C/O CT CORPORATION SYSTEM**
      **1999 BRYAN ST. STE 900**
      **DALLAS, TX 75201-3136**

Attached is a copy of petition.
This instrument was filed on the **11th day of September, 2019,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 12th day of September, 2019

(Seal)

Diane Trautman, County Clerk
County Civil Court at Law No. 3
201 Caroline, Suite 300
Harris County, Texas

Donald Woods
Deputy County Clerk

Requested
By:      **MATTHEW ZARGHOUNI**
         **ZAR LAW FIRM**
         **3900 ESSEX LANE, STE. 1011**
         **HOUSTON, TX  77027**

UNOFFICIAL COPY

3761896

## CAUSE NO. 1141204

| | | |
|---|---|---|
| Luis Escatell and Laura Escatell | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Allstate Vehicle and Property Insurance Company and Joseph Colafrancesco | § | |
| Defendant. | § | COUNTY COURT AT LAW NO. 3 |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Andrew Santiago** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 12, 2019, 2:31 pm**,

   CITATION AND PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND DISCOVERY REQUESTS,

and was executed at **1999 Bryan St Suite 900, Dallas, TX 75201** within the county of **Dallas** at **03:54 PM** on **Mon, Sep 23 2019**, by delivering a true copy to the within named

   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ANTIONETTE WILLIAMS, CT CORPORATION SYSTEM,
   REGISTERED AGENT

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."


_Andrew Santiago_
Andrew Santiago
Certification Number: PSC #15351
Certification Expiration: 8/31/2020


BEFORE ME, a Notary Public, on this day personally appeared **Andrew Santiago**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON September 23, 2019.

_Wendy Santiago_
Notary Public, State of Texas

WENDY MARIE SANTIAGO
Notary Public, State of Texas
Comm. Expires 08-05-2021
Notary ID 7076870

1141204

10/10/2019 12:51 PM
Diane Trautman
County Clerk
Harris County

Harris County - County Civil Court at Law No. 3

CAUSE NO. 1141204          JUry Fee Paid

| | |
|---|---|
| LUIS ESCATELL AND LAURA ESCATELL | IN THE COUNTY COURT |
| PLAINTIFFS, | |
| VS. | COUNTY COURT AT LAW NO. 3 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH COLAFRANCESCO | HARRIS COUNTY, TEXAS |
| DEFENDANTS. | |

**DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**SPECIFIC DENIALS**

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

---

Escatell, et al. vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0472927292.1

Page 1 of 4

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiffs' claims are barred, in whole or in part, because the losses alleged by Plaintiffs were proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiffs.

Plaintiffs' claims were addressed, in whole or in part, through prior losses.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

Escatell, et al. vs. Allstate, et al.                                                                              Page 2 of 4
Defendant's Original Answer and Request for Disclosure
0472927292.1

## V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Escatell, et al. vs. Allstate, et al.                                                                Page 3 of 4
Defendant's Original Answer and Request for Disclosure
0472927292.1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 9th day of October, 2019, to:

Matthew M. Zarshouni
State Bar No. 24086085
ZAR LAW FIRM
3900 Essex Lane, Ste 1011
Houston, Texas 77027

ATTORNEY FOR PLAINTIFFS                    *VIA E-SERVE*

**KIMBERLY BLUM**

Escatell, et al. vs. Allstate, et al.                                                    Page 4 of 4
Defendant's Original Answer and Request for Disclosure
0472927292.1

10/14/2019 4:22 PM
Diane Trautman
County Clerk
Harris County

# ZAR LAW FIRM

### PROFESSIONAL LIMITED LIABILITY COMPANY

**10/14/2019**

Good afternoon,

Our office is adding the $4 charge to the issuance fee for the citation of Joseph Colafrancesco. Santiago Legal Services will be picking this up once ready.

Please contact our direct line at (346) 980-6600 if you have any questions.

Sincerely,

Matthew Zarghouni - Attorney



**OFFICE OF DIANE TRAUTMAN**
COUNTY CLERK HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1141204**
Receipt Number:      Date:      Sheriff/Constable Fee: $

LUIS ESCATELL AND LAURA
ESCATELL
PLAINTIFFS,
VS.
ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY
AND JOSEPH COLAFRANCESCO
DEFENDANTS.

County Civil Court at Law No. 3
201 Caroline #532
Houston, TX 77002

**THE STATE OF TEXAS**

**PRECEPT**

---

**To Any Sheriff or Constable or Authorized Person of the State of Texas.......Greeting**:

You are hereby commanded that you serve **JOSEPH COLAFRANCESCO** of **408 WOOD RIVER ROAD, MILLSAP, TX 76066** with accompanying copy of see attached **DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

**SEE ATTACHED**

Who resides in the County of **PARKER** and the State of **TEXAS.**

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 16th day of October, 2019

(Seal)

Diane Trautman, County Clerk
County Civil Court at Law No. 3,
201 Caroline, Suite 300
Harris County, Texas

_____
Donald Woods
Deputy County Clerk

Requested By:      **MATTHEW ZARGHOUNI**
**ZAR LAW FIRM**
**3900 ESSEX LANE, STE. 1011**
**HOUSTON, TX 77027**

Case 4:19-cv-04117   Document 1-3   Filed on 10/22/19 in TXSD   Page 36 of 43

**1141204**

10/21/2019 12:29 PM
Diane Trautman
County Clerk
Harris County

**Harris County - County Civil Court at Law No. 3**

CAUSE NO. 1141204

| | |
|---|---|
| LUIS ESCATELL AND LAURA ESCATELL | IN THE COUNTY COURT |
| PLAINTIFFS, | |
| VS. | COUNTY COURT AT LAW NO. 3 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH COLAFRANCESCO | HARRIS COUNTY, TEXAS |
| DEFENDANTS. | |

### DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSEPH COLAFRANCESCO, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against him, would respectfully show unto this Honorable Court and Jury as follows:

## I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

## II.

### SPECIFIC DENIALS

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Escatell, et al. vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0472927292.1

Page 1 of 4

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiffs' claims are barred, in whole or in part, because the losses alleged by Plaintiffs were proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiffs.

Plaintiffs' claims were addressed, in whole or in part, through prior losses.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

Escatell, et al. vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0472927292.1

Page 2 of 4

**V.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES


**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

Escatell, et al. vs. Allstate, et al.
Defendant's Original Answer and Request for Disclosure
0472927292.1

Page 3 of 4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 21st day of October, 2019, to:

Matthew M. Zarghouni
State Bar No. 24086085
ZAR LAW FIRM
3900 Essex Lane, Ste 1011
Houston, Texas 77027

ATTORNEY FOR PLAINTIFFS            *VIA E-SERVE*

<br>

**KIMBERLY BLUM**

Escatell, et al. vs. Allstate, et al.                                                                Page 4 of 4
Defendant's Original Answer and Request for Disclosure
0472927292.1

1141204

Harris County - County Civil Court at Law No. 3

10/21/2019 12:33 PM
Diane Trautman
County Clerk
Harris County

CAUSE NO. 1141204

| | |
|---|---|
| LUIS ESCATELL AND LAURA ESCATELL | IN THE COUNTY COURT |
| PLAINTIFFS, | |
| VS. | COUNTY COURT AT LAW NO. 3 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH COLAFRANCESCO | HARRIS COUNTY, TEXAS |
| DEFENDANTS. | |

## NOTICE OF ELECTION OF LEGAL RESPONSIBILITY
## FOR JOSEPH COLAFRANCESCO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Allstate") and files its Election of Legal Responsibility for JOSEPH COLAFRANCESCO under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.     BACKGROUND

Plaintiffs filed a claim with Allstate. The claim was adjusted by one or more individuals at Allstate's request, including Defendant, JOSEPH COLAFRANCESCO. Plaintiffs subsequently filed this action naming as defendants Allstate and JOSEPH COLAFRANCESCO.

For purposes of this Election, JOSEPH COLAFRANCESCO was an Allstate "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.   *See* TEX. INS. CODE 542A.001.

## II.     ELECTION

Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability JOSEPH COLAFRANCESCO might have to Plaintiffs for JOSEPH COLAFRANCESCO's acts or omissions related to Plaintiffs' claims subject of this suit.

By this pleading, Plaintiffs are provided written notice of Allstate's election of JOSEPH COLAFRANCESCO.

## III.     DISMISSAL WITH PREJUDICE

As statutorily mandated, under section 542A.006(c) of the Texas Insurance Code and based on Allstate's election, this Court "shall dismiss" this action against JOSEPH COLAFRANCESCO with prejudice. *See* TEX. INS. CODE 542A.006(c).

Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 21st day of October, 2019, to:

Matthew M. Zarghouni
State Bar No. 24086085
ZAR LAW FIRM
3900 Essex Lane, Ste 1011
Houston, Texas 77027

ATTORNEY FOR PLAINTIFFS

**KIMBERLY BLUM**

UNOFFICIAL COPY

CAUSE NO. 1141204

| | |
|---|---|
| LUIS ESCATELL AND LAURA ESCATELL | IN THE COUNTY COURT |
| PLAINTIFFS, | |
| VS. | COUNTY COURT AT LAW NO. 3 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND JOSEPH COLAFRANCESCO | HARRIS COUNTY, TEXAS |
| DEFENDANTS. | |

## ORDER ON DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR JOSEPH COLAFRANCESCO

Be it remembered that on this day, **DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR JOSEPH COLAFRANCESCO** was considered. Upon consideration of the motion, the Court is of the opinion that Defendants' request should be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that **JOSEPH COLAFRANCESCO** is dismissed from this lawsuit with prejudice to refiling of same.

Signed the _____ day of _____, 2019.

_____
**JUDGE PRESIDING**